# EXHIBIT A



**Service of Process Transmittal**
07/11/2012
CT Log Number 520840088

**TO:** Julie P. Aslaksen
General Dynamics Corporation
2941 Fairview Park Drive, Suite 100
Falls Church, VA 22042-4513

**RE:** **Process Served in Vermont**

**FOR:** General Dynamics Armament and Technical Products, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sean P. McMohan, Pltf. vs. General Dynamics Corp., et al. including General Dynamics Armament and Technical Products, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Return of Service, Summons, Notice, Statement(s), Complaint and Jury Demand |
| **COURT/AGENCY:** | Morris County Superior Court - Law Division, NJ<br>Case # MRSL166912 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Plaintiff sustain injuries as a result of deviation and defects of The M2 .50 Caliber machine gun manufactured by defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Williston, VT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/11/2012 at 13:00 |
| **JURISDICTION SERVED:** | Vermont |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you receive, not counting the day you receive it |
| **ATTORNEY(S) / SENDER(S):** | Robert D. Kobin<br>Nusbaum, Stein, Goldstein, Bronstein & Kron, P.A.<br>20 Commerce Boulevard<br>Suite E<br>Succasunna, NJ 07876<br>973-584-1400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/11/2012, Expected Purge Date: 07/16/2012<br>Image SOP<br>Email Notification, Julie P. Aslaksen jaslaksen@generaldynamics.com<br>Email Notification, Shauna McCarthy smccarthy@gd.com<br>Email Notification, Barbara Kriel bkriel@generaldynamics.com<br>Email Notification, Rachel Teipe rteipe@generaldynamics.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 400 Cornerstone Drive<br>Suite 240<br>Williston, VT 05495 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / ST

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CHITTENDEN COUNTY SHERIFF'S DEPARTMENT
## P.O. BOX 1426
## BURLINGTON, VERMONT 05402

### RETURN OF SERVICE

On the __11__ day of __July__, 20__12__ I made service of the following document(s) upon the defendant __General Dynamics Armament and Technical Products Inc__

- ☒ Summons
- ☒ Complaint
- ☒ Motion(s)
- ☐ Affidavit
- ☐ Summons to Trustee
- ☐ List of Exemptions
- ☐ Trustee Disclosure Under Oath
- ☐ Order to Escrow Rent
- ☐ Notice to Vacate
- ☐ Subpoena - Witness fees of _____
- ☒ __Jury Demand__
- ☐ _____
- ☐ _____

- ☐ Interrogatories
- ☐ Exhibit(s)
- ☐ Writ of Possession
- ☐ Judgment Order
- ☐ Order _____
- ☐ Memorandum of Law
- ☐ Notice of Hearing _____
- ☐ Writ of Attachment
- ☐ Recognizance

☐ by delivering a copy of the same to the defendant,
☒ by delivering a copy of the same to __Miriam Bernardo Agent for CT Corp Systems registered__
☐ a person of suitable age and discretion and then and there a resident at the usual place of abode of said defendant.
☒ At __Williston__
Vermont, (for each of them) a copy thereof with my return endorsed thereon.

Service _____         Copies $ _____
Travel _____          Miles _____
Postage _____
Copying _____         Copies _____
Town Clerk _____      Pages _____
Notary Fee _____
Other _____

TOTAL                  $ _____

Sheriff/Deputy-Sheriff

NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
(973) 584-1400
Attorneys for Plaintiff

| | |
|---|---|
| SEAN P. MCMAHON,<br><br>                Plaintiff,<br><br>vs.<br><br>GENERAL DYNAMICS CORP. GENERAL DYNAMICS ARMAMENT AND TECHNICAL PRODUCTS, INC., ALLIANT TECHSYSTEMS, INC., ABC CORP. 1-10, XYZ CORP. 1-10, JOHN DOES 1-10 and JAMES DOES 1-10, UNITED STATES DEPARTMENT OF DEFENSE (for Discovery Purposes),<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MORRIS COUNTY<br><br>Docket No. MRS-L-1669 12<br><br>Civil Action<br><br><br><br><br><br><br>**SUMMONS** |

The State of New Jersey, to the Above Named Defendant:

**GENERAL DYNAMICS ARMAMENT AND TECHINCAL PRODUCTS, INC.**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) a $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. The phone numbers for the county in which this action is pending are: Legal Services Office (973) 285-6911, and Lawyer Referral Services Office (973) 267-5882.

DATED: July 9, 2012

                                                                                  JENNIFER M. PEREZ, Acting Clerk

Name and Address of Defendant:    General Dynamics Armament and Technical Products, Inc.
                                                      128 Lakeside Avenue, Suite 1
                                                      Burlington, VT 05401-4940

```
MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN      NJ 07960
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 656-4100
COURT HOURS

                        DATE:   JULY 02, 2012
                        RE:     MCMAHON VS GENERAL DYMANICS CORP
                        DOCKET: MRS L -001669 12

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID B. RAND

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT: (973) 656-4103.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                        ATT: ROBERT D. KOBIN
                                        NUSBAUM STEIN GOLDSTEIN B & K
                                        20 COMMERCE BLVD  STE E
                                        SUCCASUNNA        NJ 07876-1348

JUDWA
```

Appendix XII-B1



| CIVIL CASE INFORMATION STATEMENT (CIS)<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>if information above the black bar is not completed<br>or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |
|---|---|

| ATTORNEY / PRO SE NAME<br>Robert D. Kobin, Esq. | TELEPHONE NUMBER<br>(973) 584-1400 | COUNTY OF VENUE<br>Morris |
|---|---|---|
| FIRM NAME (if applicable)<br>Nusbaum, Stein, Goldstein, Bronstein & Kron, PA | | DOCKET NUMBER (when available)<br>MRS-L-1669-12 |
| OFFICE ADDRESS<br>20 Commerce Blvd., Suite E, Succasunna, NJ 07876 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Sean P. McMahon | CAPTION<br>Sean P. McMahon v. General Dynamics Corp.;General Dyanmics Armament&Technical Products,Inc; Alliant Techsystems, Inc.;ABC Corp1-10;XYZ Corp1-10;John Does1-10;James Does1-10;US Dept |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>606 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ NO |
|---|
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |

RECEIVED & FILED
JUN 29 '12 P 1:55
SUPERIOR COURT
CIVIL DIVISION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 285  STRYKER TRIDENT HIP IMPLANTS
- 288  PRUDENTIAL TORT LITIGATION
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 623  PROPECIA

### Mass Tort (Track IV)
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

**Please check off each applicable category**   ☐ Putative Class Action   ☐ Title 59

NUSBAUM, STEIN, GOLDSTEIN,
BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
(973) 584-1400
Attorneys for Plaintiff

| | |
|---|---|
| SEAN P. MCMAHON,<br>          Plaintiff,<br><br>v.<br><br>GENERAL DYMANICS CORP.<br>GENERAL DYNAMICS<br>ARMAMENT AND TECHNICAL<br>PRODUCTS, INC., ALLIANT<br>TECHSYSTEMS, INC., ABC<br>CORP. 1-10, XYZ CORP. 1-10<br>JOHN DOES 1-10 and JAMES<br>DOES 1-10, UNITED STATES<br>DEPARTMENT OF DEFENSE,<br>(for Discovery Purposes)<br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>Docket No. MRS L- 1669-12<br><br>Civil Action<br><br>COMPLAINT and JURY DEMAND |

Plaintiff, Sean P. McMahon, residing at 15 Far Hills Avenue, Far Hills, Somerset County, New Jersey 07931 by way of complaint against the Defendants says:

## THE PARTIES AND FACTUAL STATEMENT

1. Defendant General Dynamics Corporation, a/k/a General Dynamics is a corporation of the State of Virginia with an address of 2941 Fairview Park Drive, #100, Falls Church, VA 22042. Upon information and belief and at all times relevant hereto, Defendant General Dynamics was in the business of the design, development, distribution and production of high-performance weapons and armament systems, such as the Browning M2 .50 caliber (12.7 mm) machine gun which uses a .50 BMG cartridge and at all times relevant hereto, supplied the same to the US Army.

2.      Pursuant to investigation conducted to date, in 2002 General Dynamics acquired Advanced Technical Products and combined this company with General Dynamics Armament Systems. They then formed a new company named General Dynamics Armament and Technical Products, Inc. (hereinafter referred to as "GDATP, Inc.") with an address of 128 Lakeside Ave., Suite 1, Burlington, VT 05401-4940, a wholly owned subsidiary of Defendant General Dynamics. Upon investigation, information and belief, Saco was acquired by Defendant General Dynamics in or about June 2000. At all times relevant hereto, GDATP, Inc. operated the Saco operations in Maine where the M2 HB .50 caliber machine gun is produced for the US Army.

3.      Defendant Alliant Techsystems, Inc., (hereinafter "Alliant") a/k/a ATK Defense, is a foreign profit corporation of the State of Delaware with a main business address of 7480 Flying Cloud Drive, Eden Prairie, MN 55344 and an agent for service of process at the Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628. Upon investigation, information and belief Alliant is in the business of design, manufacture, production, distribution and/or sale of .50 caliber ammunition. Defendant Alliant is the largest US producer of small caliber ammunition and the largest supplier of ammunition to the US Army including the .50 Caliber Browning (12.7 x99 mm) ammunition for the M2 .50 caliber machine gun.

4.      Defendant ABC Corps. 1-10 are fictitious corporations or entities whose identities are unknown at this time who were in the business of the manufacture, design, production, distribution and/or sale of the M2 .50 caliber (12.7 mm) machine gun. Should continuing discovery reveal the true identities of Defendant ABC Corps. 1-10, this Complaint shall be amended to include the same.

5.      Defendants XYZ Corps. 1-10 are fictitious corporations or entities whose identities are unknown at this time who were in the business of the manufacture, design, production,

distribution and/or sale of the .50 caliber Browning (12.7 x99 mm) ammunition for the M2 .50 caliber machine gun. Should continuing discovery reveal the true identities of Defendant XYZ Corps. 1-10 this Complaint shall be amended to include the same.

6. Defendants John Does 1-10 are individuals who were responsible for the manufacture, design, production, distribution and/or sale of the M2 HB .50 caliber machine gun, whether agents, servants and/or employees of Defendants GDATP, Inc. and/or General Dynamics and/or ABC Corps. 1-10 or otherwise involved. Should continuing discovery reveal the true identities of Defendants John Does 1-10, this complaint shall be amended to include the same.

7. Defendants James Does 1-10 are individuals who were responsible for the manufacture, design, production, distribution and/or sale of the .50 caliber Browning machine gun ammunition, whether agents, servants and/or employees of Defendant Alliant, and/or XYZ Corps. 1-10 or otherwise involved. Should continuing discovery reveal the true identities of Defendants James Does 1-10, this Complaint shall be amended to include the same.

8. Plaintiff Sean P. McMahon entered into service with the US Army in October 2009. He was eventually assigned to the Fourth Armored Division, Fort Drum, New York. Plaintiff was subsequently deployed to Afghanistan from March through August 2010. As an infantryman, Plaintiff Sean P. McMahon was assigned to the .50 caliber Browning machine gun in his unit. On July 4, 2010, Plaintiff McMahon pursuant to his duties was in the process of test firing the .50 caliber Browning machine gun which had recently been delivered to his unit. Based upon information provided to date, the .50 caliber Browning machine gun in question was a new weapon. Further, based upon information provided to date, the .50 caliber Browning machine gun in question was manufactured by Defendant GDATP, Inc. and/or General Dynamics and the ammunition was manufactured by Defendant Alliant. While in the process of test firing the .50

caliber Browning machine gun, the weapon and/or ammunition malfunctioned causing a .50 caliber shell casing to tear through the Plaintiff's right calf at a high velocity as well as other areas of Plaintiff Sean P. McMahon's body (fragmentation type injury). Plaintiff Sean P. McMahon underwent surgeries to repair the fragmentation injuries and was eventually flown home and developed deep vein thrombosis. Plaintiff is currently rehabilitating from the injuries sustained from the malfunctioning weapon. In addition to the injuries to the lower extremities, the Plaintiff has been diagnosed with tinnitus and hearing loss related to the malfunction of the weapon on July 4, 2010. Plaintiff has also been diagnosed with Adjustment Disorder with Mixed Disturbance of Emotions and Conduct for which Plaintiff is currently being treated. As a result of these injuries, Plaintiff has been retired from the US Army.

### FIRST COUNT

1. Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement as though set-forth verbatim herein.

2. The M2 .50 caliber machine gun utilized by Plaintiff Sean P. McMahon on July 4, 2010 was defectively manufactured, produced, and/or distributed such that it deviated from the design, specifications, formulae and/or performance standards applicable to such weapons. As a result of this deviation and defect, Plaintiff Sean P. McMahon was subjected to an unreasonable risk of harm in that the weapon was not reasonably fit, suitable, or safe for its intended purpose thereby causing the Plaintiff to sustain severe and permanent personal injuries. The Defendants are therefore strictly liable to the Plaintiff in accordance with the provisions of N.J.S.A. 2A:58C-1-et.seq.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants GDATP, Inc., General Dynamics, ABC Corps. 1-10, and John Does 1-10 jointly, severally or in

the alternative for damages, interest, costs of suit, counsel fees and any other remedy the Court deems just.

## SECOND COUNT

1. Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement and First Count as though set-forth verbatim herein.

2. Defendants General Dynamics and/or GDATP, Inc., and/or ABC Corps 1-10 and/or John Does 1-10 are strictly liable to the Plaintiff Sean P. McMahon in that said Defendants Failed to incorporate adequate and/or proper safety warning information as required by the provisions of N.J.S.A. 2A:58C-1 et.seq.

3. As a direct and proximate result of the failure of Defendants General Dynamics and/or GDATP, Inc. and or ABC Corps 1-10 and/or John Does 1-10 to incorporate adequate and/or proper safety warnings, the weapon was not reasonably fit, suitable or safe for its intended purpose thereby causing the Plaintiff to sustain severe and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants GDATP, Inc., General Dynamics, ABC Corps. 1-10, and John Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

## THIRD COUNT

1. Plaintiff repeats and reiterates the information in the Parties and Factual Statement and First and Second Counts as though set-forth verbatim herein.

2. Defendants General Dynamics and/or GDATP, Inc., and/or ABC Corps 1-10 and/or John Does 1-10 are strictly liable to the Plaintiff Sean P. McMahon in that said weapon was designed in a defective manner pursuant to the provisions of N.J.S.A. 2A:58C-1 et. seq.

5

3. As a direct and proximate result of the defective design of the weapon, the weapon was not reasonably fit, suitable or safe for its intended purpose, thereby causing Plaintiff Sean P. McMahon to sustain severe and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants GDATP, Inc., General Dynamics, ABC Corps. 1-10, and John Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

## FOURTH COUNT

1. Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement and First, Second and Third Counts as though set-forth verbatim herein.

2. The M2 .50 caliber machine gun utilized by Plaintiff Sean P. McMahon on July 4, 2010 was negligently and defectively manufactured, produced, and/or distributed such that it negligently deviated from the design, specifications, formulae and/or performance standards applicable to such weapons. As a direct and proximate result of this negligent deviation and resulting defect, the weapon was thereby rendered unreasonably dangerous for its intended purpose such that Plaintiff Sean P. McMahon sustained serious and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants GDATP, Inc., General Dynamics, ABC Corps. 1-10, and John Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

## FIFTH COUNT

1.  Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third and Fourth Counts as though set-forth verbatim herein.

2.  Defendants General Dynamics and/or GDATP, Inc., and/or ABC Corps 1-10 and/or John Does 1-10 negligently failed to incorporate adequate and/or proper safety warning information such as to render the weapon unreasonably dangerous for its intended purpose thereby directly and proximately causing the Plaintiff to sustain serious and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants GDATP, Inc., General Dynamics, ABC Corps. 1-10, and John Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

## SIXTH COUNT

1.  Plaintiff repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third, Fourth and Fifth Counts as though set-forth verbatim herein.

2.  Defendants General Dynamics and/or GDATP, Inc., and/or ABC Corps 1-10 and/or John Does 1-10 negligently designed the weapon in question such that it was unreasonably dangerous for its intended purpose thereby directly and proximately causing the Plaintiff to sustain serious and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants GDATP, Inc., General Dynamics, ABC Corps. 1-10, and John Does 1-10 jointly, severally or in the alternative for damages, interest, costs of suit, counsel fees and any other remedy the Court deems just.

## SEVENTH COUNT

1. Plaintiff repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third, Fourth, Fifth and Sixth Counts as though set-forth verbatim herein.

2. The acts or omissions of the Defendants in this matter which caused Plaintiff Sean P. McMahon's injuries were such that these acts or omissions were wanton and willful and in disregard of the safety and well being of persons who would be exposed to the dangerous weapon in question.

3. As a direct result of these acts or omissions, Plaintiff Sean P. McMahon was caused to sustain severe and permanent personal injuries and the Defendants are liable to the Defendant pursuant to N.J.S.A. 2A:15-5.9 et. seq.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants GDATP, Inc., General Dynamics, ABC Corps. 1-10, and John Does 1-10 jointly, severally or in the alternative for punitive damages, in addition to compensatory damages, interest, costs of suit, counsel fees and any other remedy the Court deems just.

## EIGHTH COUNT

1. Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement and the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts as though set-forth verbatim herein.

2. The .50 caliber ammunition utilized with the M2 .50 caliber machine gun operated by Plaintiff Sean P. McMahon on July 4, 2010 was defectively manufactured, produced, and/or distributed such that it deviated from the design, specifications, formulae and/or performance standards applicable to such ammunition. As a result of this deviation and defect, Plaintiff Sean P. McMahon was subjected to an unreasonable risk of harm in that the ammunition was not

8

reasonably fit, suitable, or safe for its intended purpose thereby causing the Plaintiff to sustain severe and permanent personal injuries. The Defendants are therefore strictly liable to the Plaintiff in accordance with the provisions of N.J.S.A. 2A:58C-1-et.seq.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 jointly, severally or in the alternative for damages, interest, costs of suit, counsel fees and any other remedy the Court deems just.

### NINTH COUNT

1. Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Counts as though set-forth verbatim herein.

2. Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 are strictly liable to the Plaintiff Sean P. McMahon in that said Defendants failed to incorporate adequate and/or proper safety warning information as required by the provisions of N.J.S.A. 2A:58C-1 et.seq.

3. As a direct and proximate result of the failure of Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 to incorporate adequate and/or proper safety warnings, the ammunition was not reasonably fit, suitable or safe for its intended purpose thereby causing the Plaintiff to sustain severe and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

### TENTH COUNT

1. Plaintiff repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Counts as though set-forth verbatim herein.

2. Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 are strictly liable to the Plaintiffسean P. McMahon in that said ammunition was designed in a defective manner pursuant to the provisions of N.J.S.A. 2A:58C-1 et. seq.

3. As a direct and proximate result of the defective design of the ammunition, the ammunition was not reasonably fit, suitable or safe for its intended purpose thereby causing Plaintiff Sean P. McMahon to sustain severe and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants Alliant, XYZ Corp. 1-10, and James Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

### ELEVENTH COUNT

1. Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighty, Ninth and Tenth Counts as though set-forth verbatim herein.

2. The .50 caliber ammunition utilized by Plaintiff Sean P. McMahon on July 4, 2010 was negligently and defectively manufactured, produced, and/or distributed such that it negligently deviated from the design, specifications, formulae and/or performance standards applicable to such weapons. As a direct and proximate result of this negligent deviation and resulting defect, the ammunition was thereby rendered unreasonably dangerous for its intended purpose such that Plaintiff Sean P. McMahon sustained serious and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants Alliant, XYZ Corp. 1-10, and James Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

### TWELFTH COUNT

1.　Plaintiff Sean P. McMahon repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Counts as though set-forth verbatim herein.

2.　Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 negligently failed to incorporate adequate and/or proper safety warning information such as to render the ammunition unreasonably dangerous for its intended purpose thereby directly and proximately causing the Plaintiff to sustain serious and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 jointly, severally or in the alternative for damages, interest, counsel fees, costs of suit and any other remedy the Court deems just.

### THIRTEENTH COUNT

1.　Plaintiff repeats and reiterates the information in the Parties and Factual Statement and First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Counts as though set-forth verbatim herein.

2.　Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 negligently designed the ammunition in question such that it was unreasonably dangerous for its intended purpose thereby directly and proximately causing the Plaintiff to sustain serious and permanent personal injuries.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants Alliant, XYZ Corp. 1-10 and James Does 1-10 jointly, severally or in the alternative for damages, interest, costs of suit, counsel fees and any other remedy the Court deems just.

### FOURTEENTH COUNT

1. Plaintiff repeats and reiterates the information in the Parties and Factual Statement, and First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Counts as though set-forth verbatim herein.

2. The acts or omissions of the Defendants in this matter which caused Plaintiff Sean P. McMahon's injuries were such that these acts or omissions were wanton and willful in disregard of the safety and well being of persons who would be exposed to the dangerous ammunition in question.

3. As a direct result of these acts or omissions, Plaintiff Sean P. McMahon was caused to sustain severe and permanent personal injuries and the Defendants are liable to the Defendant pursuant to N.J.S.A. 2A:15-5.9 et. seq.

WHEREFORE, Plaintiff Sean P. McMahon demands judgment against Defendants Alliant, XYZ Corp. 1-10, James Does 1-10 jointly, severally or in the alternative for punitive damages, in addition to compensatory damages, interest, costs of suit, counsel fees and any other remedy the Court deems just.

## CERTIFICATION

1. The within matter in controversy is not the subject of any other action pending in any court or any pending arbitration proceeding.

2. No other action or an arbitration proceeding is contemplated by plaintiff herein.

3. No other party should presently be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25, Robert D. Kobin, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

## DEMAND FOR INTERROGATORIES

Plaintiff hereby demands that Defendants provide answers to Uniform Interrogatories Form C and Form C(4) within the timeframe provided by the Rules of Court.

## DEMAND FOR DOCUMENTS

Plaintiff demands that Defendants provide Plaintiff with a true and accurate copy of Defendants' Insurance Agreement including Excess Coverage Policies under which any person or firm carrying on an insurance business may be entered in this action or to indemnity or reimburse for payments made to satisfy the judgment, within the time frame prescribed by the Rules of Court.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

NUSBAUM, STEIN, GOLDSTEIN,<br>
& BRONSTEIN & KRON, P.A.<br><br>
By: _____<br>
Robert D. Kobin

Date: June 29, 2012